Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| CARLOS A. DONES RAMOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | TA2026RA00206 | ***Revisión Administrativa***<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Solicitud: GMA500-136-26<br><br><br>Sobre:<br>Petición de Revisión Judicial |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

*Grana Martínez, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2026.

El 22 de abril de 2026 el señor Carlos H. Dones Ramos compareció ante este foro mediante recurso de Revisión Administrativa. En el recurso nos solicita que ordenemos al Departamento de Corrección y Rehabilitación, en adelante DCR o Departamento, que evalué y adjudique una Solicitud de Remedio Administrativo presentada por éste el 23 de febrero de 2026.

Ante el silencio del DCR en contestar su petitorio, Dones Ramos indica que conforme al Reglamento 8583, Regla XIII hay un término de 15 días laborables para emitir la respuesta, término que el DCR ha incumplido, pues hasta la fecha de esta petición no le han contestado. Sostiene que los términos deben ser cumplidos según estipulados. Su reclamo ante el Departamento responde a su alegación de que el área de récord criminal no le ha contabilizado el tiempo en prisión preventiva. Alega su sentencia fue de 50 años, de los cuales ha cumplido aproximadamente 19 años. Solicita que se le

bonifiquen "13 días por mes según establece la disposición legal para sentencias de 15 años o más."

## II

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

Al momento de evaluar la jurisdicción del foro es necesario asegurarse de que se cumplieron todos los requisitos jurisdiccionales que la ley establece. De la misma manera, precisa evaluar si el foro ostenta autoridad para adjudicar un caso si tiene jurisdicción sobre la materia. Y es que la evaluación sobre falta de jurisdicción sobre la materia es crítica pues acarrea las consecuencias siguientes:

> "(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, págs. 101–102 (2020), citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372-373 (2018).

El Estado, a través de sus leyes, es quien único puede otorgar o privar a un tribunal de jurisdicción sobre la materia. *Beltrán Cintrón et al. v. ELA et al.*, *supra*; *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). Así pues, para privar a un tribunal de jurisdicción, es necesario que algún estatuto lo disponga expresamente o que surja de él por implicación necesaria. *Báez Rodríguez et al. v. ELA*, 179 DPR 231, 241 (2010). Por tal razón, los tribunales deben ser celosos guardianes de su jurisdicción ya que

no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 386; *S.L.G Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Por otro lado, toda agencia deberá adoptar un reglamento para regular sus procedimientos de adjudicación. 3 LPRA sec. 9642. Así lo hizo el Departamento mediante el Reglamento número 8583, conocido como el Reglamento para Atender las Solicitudes de Remedios Administrativos radicadas por los miembros de la población correccional, en adelante el Reglamento. Este indica que el Evaluador referirá la Solicitud de Remedio al superintendente de la institución, encargado del Hogar de Adaptación Social, Director Médico o al Coordinador del Centro de Tratamiento Residencial en un término no mayor de quince (15) días laborables, a partir del recibo de la misma. Regla XII, inciso 6 del Reglamento. El Evaluador utilizará todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una respuesta adecuada al miembro de la población correccional. En aquellos casos en que el Evaluador a cargo de emitir respuesta necesite información contenida en algunos de los expedientes del miembro de la población correccional (social, criminal o médico) o cualquier otro expediente o documentos oficiales, podrá solicitar una certificación o interpretación del expediente sobre la información requerida. Regla XIII, inciso 1 del Reglamento. Será obligación del superintendente de la institución, encargado del Hogar de Adaptación Social, o coordinador del Centro de Tratamiento Residencial, director médico, supervisor de servicios de alimentos, dar seguimiento a las áreas pertinentes para que le respondan sobre las alegaciones vertidas en la solicitud y poder cumplir con el término de quince (15) días laborables desde que fue notificado por escrito. La respuesta a la solicitud no podrá ser realizada por un empleado que haya estado involucrado en la situación planteada. La

misma deberá ser emitida por el supervisor inmediato. Regla XIII, inciso 2 del Reglamento. Una vez el Evaluador recibe la información requerida, contestará y entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte (20) días laborables. Regla XIII, inciso 4. Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta. Regla XIV, inciso 1 del Reglamento.

En cuanto al momento oportuno para presentar un recurso ante el foro judicial, una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. 3 LPRA sec. 9672.

III

La autoridad de una agencia administrativa para aprobar reglas o reglamentos surge directamente de su ley habilitadora. *Benitez Nieves v. ELA et al.*, 202 DPR 818, 827 (2019). Mediante la Ley 2 de 21 de noviembre de 2011 se aprobó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011. Mediante dicha ley se reorganizó el Departamento de Corrección y Rehabilitación, consolidando en éste la Administración de Corrección y la Administración de Instituciones Juveniles y se definieron sus nuevos objetivos, poderes y organización. A través del Plan, el Departamento tiene la autoridad para adoptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos,

órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios. 3 LPRA, Ap. XVIII, Art. 7 (aa).

En cuanto a los términos incluidos en la reglamentación, ya se ha establecido que estos son directivos, no jurisdiccionales. Cuando el legislador ha querido que un término para resolver un asunto sea fatal, lo establece expresamente en la ley. *Benítez Nieves v. ELA et al.,* supra, pág. 828; *Pueblo v. Mojica Cruz,* 115 DPR 569, 575 (1984). En vista de esto, cuando la ley no contiene una expresión a tales efectos, el término deberá entenderse como directivo. *Benítez Nieves v. ELA et al.*, supra; In Re- Godínez Morales, 161 DPR 219, 237 (2004).

Puntualizamos que el Plan le otorgó la facultad al Departamento el reglamentar a los fines de regir entre otros, programas y servicios. Sin embargo, el legislador no le instruyó a que el término a establecer en dicha reglamentación tenía que ser jurisdiccional, razón por la cual el término es directivo. Precisado lo anterior, es de notar que según las alegaciones del recurso el Departamento no ha contestado la Solicitud de Remedios Administrativos presentada el 23 de febrero del año en curso. Razón por la cual, estamos ante una controversia prematura pues no se ha emitido una determinación final por parte del Departamento bien sea mediante orden o resolución y Dones Ramos tampoco ha agotado todos los remedios provistos por la agencia antes de acudir al foro judicial. Cuando la agencia falla crasamente en su deber de decidir expeditamente, la parte afectada tiene disponible como remedio la presentación de un *mandamus* ante el foro judicial. *U.P.R Aguadilla v. Lorenzo Hernández,* 184 DPR 1001, 1009 (2012). Este no es el caso, en esta situación el asunto cuya revisión pretende

Dones Ramos, está ante la consideración del Departamento. Ciertamente, este último se ha extendido en los términos directivos para contestar la solicitud conforme a su reglamento, pero el recurrente no ha agotado todos los remedios ante la agencia. Razón por la cual, este foro no ostenta jurisdicción para atender su reclamo.

Ahora bien, aun cuando reconocemos que el término para contestar la Solicitud de Remedios es uno directivo, no jurisdiccional, no justifica la práctica de ignorarlo. Por analogía aplicamos el raciocinio del Tribunal Supremo de Puerto Rico en *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, págs. 494–495 (1997) y aclaramos que el Departamento debe cumplir con el término directivo que se impuso mediante reglamento, excepto cuando medie justa causa.

Conforme lo antes establecido, no teniendo jurisdicción para atender el recurso se desestima por prematuro.

Notifíquese además, al Hon. Francisco A. Quiñones Rivera, Secretario del Departamento de Corrección y Rehabilitación.

Lo acordó y manda el Tribunal y lo certifica su secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones